# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00056-MR-WCM

| | |
|---|---|
| ROBERT V. WILKIE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARC MITCHELL and EDWARD )<br>GREGORY REFOUR, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 11] and the Plaintiff's Requests for Judicial Notice [Docs. 16, 17, 21].

## I. BACKGROUND

The Plaintiff Robert V. Wilkie, proceeding *pro se*, commenced this action on February 19, 2019, against the Defendants Marc Mitchell ("Mitchell") and Edward Gregory Refour ("Refour") (collectively, "the Defendants"). [Doc. 1]. In his Complaint, the Plaintiff asserts that:

> Marc Mitchell and Edward Refour committed Fraud … and [were] Negligent when they made a Partition [sic] before the Burke County Clerk of Court on the 16th day of January 2019 for a 10 day Writ in order to navigate around the summary ejectment process pursuant to N.C.G.S. 45 and TITLE VII Protecting

> Tennant's [sic] Foreclosure Act Sec 702(A)(2)(B)(b)(1) [sic] without presenting the Clerk of Court an Order for Summary Ejectment from the Authorizing Authority.
>
> The defendants owed a [duty of] care ... and breached there [sic] care of duty ... with foreseeable homelessness, severe mental anguish and loss of personal property as the proximate damage.

[Id. at 4 ¶ III]. The Plaintiff further states that he is "[s]uing under the above reference[d] code under NCGS 1-D[1] for Fraud in the amount of $258,000 or the maximum allowed by law, individually and under NCGS 75-1[2] for defendant Refour only if applicable." [Id. at ¶ II.B.3.]. The Plaintiff asserts the existence of a federal question as the basis for subject matter jurisdiction in this case. [Id. at 3 ¶ II].

On March 15, 2019, the Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. [Doc. 9]. The Defendants withdrew their Motion on March 19, 2019, citing the Plaintiff's pending bankruptcy case. [Doc. 10 at 1-2].

---

[1] This citation appears to be a reference to the chapter of the North Carolina General Statutes pertaining to the award of punitive damages. See N.C. Gen. Stat. § 1D-1, *et seq.*

[2] Chapter 75-1 of the North Carolina General Statutes is generally known as the North Carolina Unfair and Deceptive Trade Practices Act. See N.C. Gen. Stat. §75-1.1, *et seq.*

After the dismissal of the Plaintiff's bankruptcy case on April 2, 2019 [see Doc. 14 at 1-2 (discussing procedural history)], the Defendants refiled their Motion to Dismiss. [Doc. 11]. The Plaintiff filed a "Notice of Motion and Motion to Take Notice/Notice of Motion and Motion to Enter evidence into the Record Though [sic] the Judicial Doctrine" on May 13, 2019. [Docs. 12, 13].[3]

On June 4, 2019, the Honorable W. Carleton Metcalf, United States Magistrate Judge, entered an Order addressing the parties' filings. [Doc. 14]. Specifically, Judge Metcalf directed the Defendants to submit a brief in support of their Motion to Dismiss within ten (10) days. [Id. at 3]. Judge Metcalf instructed the Plaintiff to file a response to the Defendants' Motion to Dismiss within fourteen (14) days of the filing of that brief. [Id.]. With respect to the Plaintiff's "Notice of Motion/Motion to Take Notice," Judge Metcalf noted that to the extent that this pleading was intended to be a motion, it failed to comply with the Local Rules. [Id. at 2]. Accordingly, the "Notice of Motion/Motion to Take Notice" was denied without prejudice. [Id. at 3].

The Defendants filed a brief in support of their Motion to Dismiss on June 5, 2019. [Doc. 15]. On June 19, 2019, the Plaintiff filed a "Request for

---

[3] Documents 12 and 13 appear to be duplicate filings.

Judicial Notice in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss." [Doc. 16]. Two days later, the Plaintiff filed a "Second Request for Judicial Notice in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss." [Doc. 17]. On July 18, 2019, the Plaintiff filed another pleading styled "Second Request for Judicial Notice in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss." [Doc. 21].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) addresses whether the Court has subject matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). Where a defendant contends that a complaint fails to allege facts upon which subject matter jurisdiction can be based, the Court must assume as true the factual allegations in the Complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). If, on the other hand, a defendant contends that the jurisdictional allegations contained in the complaint are false, the court may go beyond the allegations of the complaint and conduct an evidentiary hearing to determine if there are facts to support the court's exercise of jurisdiction over the dispute. Id. The burden of establishing subject matter jurisdiction on a motion to dismiss rests

with the party asserting jurisdiction.  Id.; Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

## III. DISCUSSION

### A. Requests for Judicial Notice

The Court first turns to the Plaintiff's "Requests for Judicial Notice." [Docs. 16, 17, 21].  In these pleadings, the Plaintiff moves pursuant to Rule 201 of the Federal Rules of Evidence for the Court to take judicial notice of certain facts, arguments, and caselaw related to his opposition to the Defendants' Motion to Dismiss.

To the extent that these "Requests" are intended to be motions, they are procedurally improper, as they are not accompanied by briefs as required the Court's Local Rules.  See LCvR 7.1(c).  Moreover, the Plaintiff's "Requests" are substantively without merit.  Rule 201 of the Federal Rules of Evidence provides that the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The facts asserted by the Plaintiff in these "Requests" are not the type of facts that are generally known within this District or that can be readily determined from reputable sources.

Further, the caselaw cited by the Plaintiff and the arguments made in reliance thereon are not the type of matters that are subject to judicial notice. Accordingly, to the extent that the Plaintiff seeks judicial notice of these matters, the Plaintiff's "Requests for Judicial Notice" are denied. The Court, however, will consider the substance of these "Requests" as the Plaintiff's response in opposition to the Defendants' Motion to Dismiss.

## B. Subject Matter Jurisdiction

The Defendants move for the dismissal of this matter under Rule 12(b)(1) on two grounds. First, they argue that the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 ("PTFA"), does not provide a private right of action, and therefore no federal question is presented by the Plaintiff's Complaint. Second, they argue that there is no basis for the exercise of diversity jurisdiction under 28 U.S.C. § 1332 because the parties are all citizens of North Carolina.[4] [Doc. 11].

The Plaintiff concedes that the parties are not diverse and therefore jurisdiction under § 1332 is not applicable in this case. [Doc. 16 at 3]. He further concedes that the PTFA does not afford him a private right of action.

---

[4] Pursuant to 28 U.S.C. § 1332, this Court may exercise original jurisdiction over a civil action "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States…." 28 U.S.C. § 1332(a)(1).

[Id.]. However, the Plaintiff argues that this Court nevertheless can exercise federal question jurisdiction because the Plaintiff's state law claims for negligence and fraud are being brought "in conjunction with the PTFA . . . and NCGS Chapter D1 for the defendants['] violation of the PFTA." [Id. at 4].

Title 28 of the United States Code, Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Generally speaking, a case may "arise under" federal law "when federal law creates the cause of action asserted." Gunn v. Minton, 568 U.S. 251, 257 (2013). However, courts also have exercised federal question jurisdiction over a "special and small category" of claims that originate in "state rather than federal law." Id. at 1064-65 (citation omitted). Federal question jurisdiction will exist over a state-law claim only if the federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 1065; see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

Determining whether a claim "arises under" federal law requires the application of "the well-pleaded complaint rule." See Pressl v. Appalachian

Power Co., 842 F.3d 299, 302 (4th Cir. 2016). Under this rule, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Here, the Plaintiff's Complaint fails to demonstrate a basis for the exercise of federal question jurisdiction. As properly conceded by the Plaintiff, the PTFA does not provide a private right of action, and thus there is no claim "arising under" that Act. See Mik v. Federal Home Loan Mortg. Corp., 743 F.3d 149, 158 (6th Cir. 2014); Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1169 (9th Cir. 2013).

Further, the state law claims asserted by the Plaintiff do not "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S at 314. Nothing on the face of the Plaintiff's Complaint indicates that his claims for fraud and negligence are dependent on the application of the PTFA. As such, the Complaint does not demonstrate that the federal issue in this case is "substantial" or "necessary" to the Plaintiff's claims. Moreover, the allegations of the Complaint indicate that the Plaintiff's claims are based in landlord-tenant law, "an area of law traditionally administered by the

states." Kennedy v. Federal Nat'l Mortg. Ass'n, No. 4:13-CV-203-F, 2014 WL 3905593, at *3 (E.D.N.C. Aug. 11, 2014) (declining to exercise federal question jurisdiction over state law claims involving allegations of violation of PTFA). "Thus, allowing the PTFA issues in this particular case to provide a basis for federal question jurisdiction could disturb the balance of state and federal judicial responsibilities." Id. (citing Grable, 545 U.S. at 319). For these reasons, the Court concludes that the Plaintiff's Complaint does not raise a substantial issue of federal law such that federal question jurisdiction can be exercised in this case.

      Furthermore, to the extent that the Plaintiff alleges that the Defendants engaged in fraudulent acts in relation to an eviction proceeding in state court, or that the Defendants committed procedural errors during that proceeding that deprived the Plaintiff of his rights, the Rooker-Feldman doctrine deprives this Court of jurisdiction to consider such claims. The Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

"The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Plaintiff's claims against the Defendants appear to be "inextricably intertwined" with the issues raised and decided in the state eviction proceeding, the Court lacks subject matter jurisdiction to consider such claims here.

For all these reasons, the Court concludes that it lacks subject matter jurisdiction over the claims asserted in the Plaintiff's Complaint, and this action is therefore dismissed.[5]

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Requests for Judicial Notice [Docs. 16, 17, 21] are **DENIED**;

---

[5] Because the Court concludes that subject matter jurisdiction is lacking, the Court will not address the Defendants' argument that the Plaintiff's Complaint fails to state a claim upon which relief may be granted. See Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 187 (4th Cir. 2019) ("courts must always assure themselves of subject matter jurisdiction before reaching the merits, even if the parties have not raised it"), pet. for cert. filed Aug. 19, 2019.

(2) The Defendants' Motion to Dismiss [Doc. 11] is **GRANTED**; and

(3) This action is hereby **DISMISSED** for lack of subject matter jurisdiction.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: October 7, 2019

Martin Reidinger
United States District Judge